IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMOTHY R. COLLINSWORTH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3-04-CV-1397-M |
| | § | |
| AIG INSURANCE CO., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION**

Before the Court is Plaintiff's Motion for an Award of Interest, Costs and Attorneys' Fees in connection with a claim Plaintiff has successfully asserted under ERISA accidental disability policies. On November 1, 2005, this Court denied Defendant's Motion for Summary Judgment and granted, in part, Plaintiff's Cross Motion for Summary Judgment, remanding Plaintiff's claim to Defendant AIG Life Insurance Company for further adjudication consistent with the Court's opinion. On remand, Defendant at first denied Plaintiff's claim, but on appeal to the ERISA Appeals Committee, that determination was overturned and Plaintiff's claim was approved. Plaintiff now seeks an award from this Court of attorneys' fees and interest as a result of those determinations.

**Attorney's Fees and Court Costs**

The relevant statute, 29 U.S.C. § 1132(g)(1), authorizes a court "in its discretion" to "allow a reasonable attorney's fee and costs of action to either party." The Fifth Circuit has set out the factors for district courts to consider in determining how to exercise their discretion with respect to attorney's fee awards:

(1)   The degree of the opposing parties' culpability or bad faith;

  (2)  the ability of the opposing parties to satisfy an award of attorneys' fees;
  (3)  whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances;
  (4)  whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and
  (5)  the relative merits of the parties` position.

*Lain v. UNUM Life Insurance Company*, 279 F.3d 337, 348 (5th Cir. 2002), *citing Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266.

  The Court, in its discretion, determines that attorney's fees should not be awarded to Plaintiff. The Defendant did not act in bad faith or otherwise act culpably, and the Court does not conclude that an award of attorney's fees in this case would deter improper conduct of the Defendant or others. Further, the Court does not believe the actions of Plaintiff sought to benefit others nor that the case resolved a significant legal question under ERISA. Although Defendant certainly could pay such an award, and although Plaintiff's position prevailed on summary judgment, and ultimately on remand, at the summary judgment stage, the Court reviewed the case on a *de novo* basis and found that Defendant had not abused its discretion. Considering all of the *Lain-Iron Workers* factors, the Court determines that attorney's fees should not be awarded in this case.

  The Court does exercise its discretion and inherent authority to tax court costs against the Defendant. *See generally Schadler v. Anthem Life Ins. Company*, 147 F.3d 399 (5th Cir. 1998).

### **Interest**

  The Court reluctantly concludes that it has no authority to award interest to the Plaintiff. Defendant correctly notes the distinction between 29 U.S.C. § 1132(g)(1), under which a person such as the Plaintiff can recover, and 29 U.S.C. § 1132(g)(2), under which a plan or fiduciary can recover. The former does not provide for the award of interest, while the latter does so provide.

Plaintiff provides no authority for this Court to award interest where, as here, the Court is not itself making an award of damages.  The Court therefore declines to enter an award of interest.

Therefore, the Court will enter a Judgment dismissing this case with prejudice, with costs of court to be paid by the Defendant.

**SO ORDERED** this 28th day of December, 2006.

_____
**Barbara M. G. Lynn**
**UNITED STATES DISTRICT JUDGE**